IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00095-GCM
(3:12-cr-00239-GCM-DCK-18)

| | |
|---|---|
| WILLIAM BROWN, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's motion for reconsideration of the order dismissing his Motion to Vacate, Set Aside or Correct Sentence, which he filed pro se pursuant to 28 U.S.C. § 2255.

On March 10, 2016, this Court dismissed Petitioner's § 2255 motion to vacate after concluding that the arguments presented were without merit. (Doc. No. 2: Order).[1] In his motion for reconsideration, Petitioner contends this Court should consider his Supplemental Memorandum that was signed on March 14, 2016, and received by the Clerk's office on March 22, in addition to his § 2255 motion to vacate. (Id., Doc. No. 5: Supplemental Memorandum).

In the Supplemental Memorandum, Petitioner renews his contentions that his counsel failed to properly investigate or prepare his case prior to the plea and sentencing hearings, and he challenges the loss amount attributable to him that stemmed from his participation in the RICO conspiracy to which he pleaded guilty. Petitioner also contends that he is actually innocent of the RICO conspiracy to which he offered his solemn plea during his Rule 11 hearing, and which

---

[1] The findings and conclusions from this Order are fully incorporated herein.

1

guilt he reaffirmed before this Court during his sentencing hearing.

Because Petitioner's motion for reconsideration was filed within 28 days from entry of the judgment in this matter, the Court will construe the motion under the provisions of Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

The Court first notes that Petitioner's Supplemental Memorandum was not mailed until March 14, 2016, at the earliest, which is the date he signed the document. Petitioner's criminal judgment was filed on February 23, 2015, and he did not appeal; therefore his judgment became final on March 9, 2015, and his § 2255 motion to vacate was due to be filed by March 9, 2016. See 28 U.S.C. § 2255(f)(1). Petitioner's motion to vacate was timely filed on February 22, 2016, which is the date he avers he placed the motion in the prison's mailing system. See Houston v.

Lack, 487 U.S. 266, 276 (1988). Although the Supplemental Memorandum appears to be untimely, the Court will nevertheless consider it because it simply reiterates most of the claims that he presented in his motion to vacate.

After considering the Supplemental Memorandum, along with the record the Court has already reviewed in dismissing Petitioner's motion to vacate, the Court finds that Petitioner's claims are foreclosed by Petitioner's sworn statements that he made during his Rule 11 hearing wherein he averred (1) that he understood the charges against him; (2) the potential penalties he faced; (3) that he understood and agreed with the each of the terms of his plea agreement, which included the loss amount that he was responsible for; (4) that he had discussed possible defenses with his attorney; and (5) that he was in fact guilty of the conduct charged in his indictment. Moreover, the Court addressed Petitioner during his sentencing hearing before affirming his guilty plea and he confirmed the truth of each one of these averments.

In sum, Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708.

Based on the foregoing, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 4).

**SO ORDERED**.

Signed: September 16, 2016

*[signature]*

Graham C. Mullen
United States District Judge